UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID MICHAELS,

   Plaintiff,

CASE NO.: 8:15 cv137 T 30 MAP

-VS-

SANTANDER CONSUMER USA, INC.,   **JURY TRIAL DEMANDED**

   Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Hillsborough County, Florida.

### FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. §1692(a)(3).

6. Plaintiff is an "alleged debtor."



1

7.  Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8.  Defendant, SANTANDER CONSUMER USA, INC. (hereinafter "Santander"), is a corporation which was formed in Illinois with its principal place of business at 8585 N. Stemmons Freeway Suite 1100-North, Dallas, TX 75247 and conducting business in the state of Florida through its registered agent CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9.  The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

10. Santander called the Plaintiff approximately four hundred (400) times since January 2011 in an attempt to collect a debt.

11. Santander attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

12. Santander intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

14. Plaintiff, despite making his car payments to Santander, would continually receive harassing automated calls from Santander seeking further payment.

15. Even when Plaintiff would contact Santander, explain to them their error, and send to Santander proof that his payments had been made, Santander refused to correct their mistake and continued bombarding Plaintiff's cell phone.

16. On numerous occasions Plaintiff would explain to Santander's agents that he is not behind, payment was made and to please stop calling him.

17. During one call, in which Plaintiff as always explained payment had been made and to stop calling, an agent of Santander instructed Plaintiff that he was "told I have to call you."

18. While speaking to another agent of Santander and upon explaining the situation and asking for the calls to stop, the agent of Santander told Plaintiff that he didn't "give a shit."

19. Due to the sheer volume of the calls Plaintiff received from Santander he was not able to keep track of every one, however below is a small sampling of the robo-calls Plaintiff received to his cell phone from Santander:

    i)    August 24, 2014 at 10:25 am

    ii)    August 25, 2014 at 12:35 pm

    iii)    August 26, 2014 at 12:22 pm

    iv)    August 27, 2014 at 1:39 pm

    v)    August 28, 2014 at 12:17 pm

    vi)    August 29, 2014 at 4:09 pm

    vii)    August 30, 2014 at 3:54 pm

    viii)    August 31, 2014 at 2:01 pm

    ix)    September 2, 2014 at 12:09 pm

    x)    September 3, 2014 at 3:39 pm

    xi)    September 4, 2014 at 11:26 am

    xii)    September 5, 2014 at 6:26 pm

    xiii)    September 6, 2014 at 11:09 am

    xiv)    September 7, 2014 at 5:41 pm

    xv)    September 8, 2014 at 7:04 pm

xvi)      September 9, 2014 at 4:15 pm

xvii)     September 10, 2014 at 5:34 pm

xviii)    September 11, 2014 at 1:29 pm

xix)      September 12, 2014 at 12:32 pm

xx)       September 13, 2014 at 12:16 pm

xxi)      September 14, 2014 at 6:22 pm

xxii)     September 15, 2014 at 7:34 pm

xxiii)    September 16, 2014 at 11:26 am

xxiv)     September 17, 2014 at 1:00 pm

xxv)      September 18, 2014 at 11:59 am

xxvi)     September 20, 2014 at 7:43 pm

xxvii)    September 21, 2014 at 2:21 pm

xxviii)   September 22, 2014 at 7:54 pm

xxix)     September 23, 2014 at 8:02 pm

xxx)      September 25, 2014 at 11:25 am

xxxi)     September 26, 2014 at 3:43 pm

xxxii)    September 27, 2014 at 12:25 pm

xxxiii)   September 28, 2014 at 7:36 pm

xxxiv)    September 29, 2014 at 7:25 pm

xxxv)     September 30, 2014 at 3:12 pm

xxxvi)    October 2, 2014 at 1:33 pm

xxxvii)   October 4, 2014 at 3:43 pm

xxxviii)  October 5, 2014 at 7:25 pm

xxxix)    October 6, 2014 at 6:19 pm

xl)     October 7, 2014 at 4:31 pm

xli)    October 8, 2014 at 12:55 pm

xlii)   October 9, 2014 at 12:46 pm

xliii)  October 10, 2014 at 1:05 pm

xliv)   October 11, 2014 at 11:37 am

xlv)    October 13, 2014 at 7:03 pm

xlvi)   October 14, 2014 at 4:23 pm

xlvii)  October 15, 2014 at 12:25 pm

xlviii) October 16, 2014 at 9:05 am

xlix)   October 20, 1014 at 3:06 pm

l)      October 21, 2014 at 8:52 pm

20. Each call Santander made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1). See <u>Nelson v. Santander Consumer USA, Inc.</u> 931 F. Sup. 2d 919 (W.D. WI 2013).

21. Each call Santander made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

22. Santander has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

23. Santander has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Santander, to remove the number.

24. Santander's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals asking Santander to stop calling.

25. Santander has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

26. Santander has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call after the consumer has requested calls to cease.

27. Santander has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

28. Santander's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

29. Santander has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt or are not behind in their payments.

30. Plaintiff did not expressly consent to Santander's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Santander's placement of the calls.

31. None of Santander's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

32. Santander willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

33. Plaintiff incorporates Paragraphs one (1) through thirty-two (32).

34. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

35. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

36. Santander repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Santander for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

37. Plaintiff incorporates one (1) through thirty-two (32).

38. At all times relevant to this action Santander is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

39. Santander has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

7

40. Santander has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

41. Santander has violated Florida Statute §559.72(8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

42. Santander has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

43. Santander's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Santander for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violations of the FDCPA)

44. Plaintiff incorporates Paragraphs one (1) through thirty-two (32).

45. At all times relevant to this action, Santander is subject to and must abide by 15 U.S.C. §1692 et seq.

46. Santander has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

47.    Santander has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

48.    Santander has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Santander for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

William Peerce Howard, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
BHoward@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff